No. 24-6338

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————

JEFFREY POWERS, et al.,

Plaintiffs-Appellees,

v.

DENIS RICHARD McDONOUGH, et al.,

Defendants-Appellants

———————————

On Appeal from the United States District Court
for the Central District of California

———————————

## MOTION TO STRIKE PARTIAL JOINDER
## TO THE EMERGENCY MOTION TO STAY

———————————

MARK D. ROSENBAUM
KATHRYN A. EIDMANN
AMANDA K. PERTUSATI
AMANDA M. SAVAGE
AMELIA PIAZZA
PUBLIC COUNSEL LAW CENTER
610 S. Ardmore Avenue
Los Angeles, California 90005
(213) 385-2977

CARTER G. PHILLIPS
TACY F. FLINT
MARK C. PRIEBE
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Counsel continued to second page*

EVE L. HILL
JAMIE STRAWBRIDGE
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, Maryland 21202
(410) 962-1030

ROMAN M. SILBERFELD
DAVID MARTINEZ
TOMMY H. DU
ROBINS KAPLAN LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
(310) 552-0130

T.E. GLENN
AMANDA POWELL
CHARLES KOHORST
INNER CITY LAW CENTER
1309 East Seventh Street
Los Angeles, CA 90021
(213) 891-2880

*Counsel for Plaintiffs-Appellees, Deavin Sessom, Douglas Guthrie, Jeffrey Powers, Joseph Fields, Joshua Robert Petitt, Lavon Johnson, Laurieann Wright, and National Veterans Foundations*

## MOTION TO STRIKE

Pursuant to Federal Rule of Appellate Procedure Rule 27, Plaintiffs respectfully request that the Court strike the Partial Joinder to the Emergency Motion for Stay filed by the Regents of the University of California ("UC Regents"). Dkt. 15.1.

As an initial matter, the UC Regents is not a party to this appeal and has not requested to intervene. Additionally, although its filing is styled a "partial joinder," the UC Regents in fact seeks relief not requested in the motion it purports to "join." Dkt. 15.1 at 2 (noting that "the Federal Government Defendants do not seek a stay of a portion of that Judgment that deserves a stay—the voiding of the University's lease and the Judgment's injunction directed at the University and its lease"). For these reasons, its request for joinder is procedurally improper. *See East Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1001 (9th Cir. 2024) ("This Court disfavors putative intervenors who merely seek to 'attack or thwart' a remedy."). Indeed, the UC Regents appealed and filed its own separate motion for stay in its other appeal. *See* Mot. to Stay Proceedings, *Powers et al. v. McDonough et al.*, No. 24-6338 (9th Cir. Nov. 20, 2024).

Moreover, the UC Regents is judicially estopped from seeking an emergency stay—*i.e.*, the very relief it purports to seek by joining the Government's emergency stay motion. "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). Here, the UC Regents previously represented to the trial court that, if it were granted the interim relief it sought from that court, it would not face any emergency supporting an emergency stay. Specifically, on October 28, 2024, the UC Regents represented to the trial court and the parties that the UC Regents would not seek emergency relief with the Ninth Circuit if it was allowed use of the baseball facilities on the VA property through and including July 4, 2025. It was based on this representation that the trial

1

court agreed to modify its injunction. Specifically, counsel for UC Regents (Mr. Cardozo) made the following representations:

> <u>MR. SILBERFELD</u>: Mr. Cardozo and I had a conversation about this topic of they're withdrawing their extraordinary relief petitions in the circuit. I believe he's agreeable that they will do so if the Court enters the order that's tentatively –
>
> <u>THE COURT</u>: Would you ask him though? I'm uncomfortable as a Judge –
>
> <u>MR. SILBERFELD</u>: Sure.
>
> <u>THE COURT</u>: -- asking any party to give up a right.
>
> <u>MR. SILBERFELD</u>: Sure.
>
> <u>THE COURT</u>: I really
>
> <u>MR. CARDOZO</u>: **Yeah, I can attest that, Your Honor. We do not intend to ask the Circuit for emergency relief if there is no emergency**. That's an extraordinary ask of an Appellate Court and **with this order we don't see that there would be an emergency that would require us**. There was a procedural order at the Ninth Circuit that took emergency order motion off calendar out of first appeal and instead put it in the second appeal from the final judgment. So, in fact, there is no emergency motion pending before the Ninth Circuit. We would need to refile it and **with this order we would not need to refile it**.

*Powers et al. v. McDonough et al.*, No. 2:22-cv-08357, ECF No. 390, Hr'g Tr. 50:13-51:9, attached hereto as Exhibit A (emphasis added). Following this representation, the district court granted the relief the UC Regents requested. *Id.*, ECF No. 389, attached hereto as Exhibit B; *see also* Exhibit A, Hr'g Tr. 49:25-50:1-10, 50:13-51:9.

 In light of the UC Regents' prior representation, and its prevailing on the obtaining the relief it sought in the district court, there is no basis for the UC Regents to join in the Government's request for an emergency stay of the Court's judgment. The UC Regents is judicially estopped from arguing otherwise.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court strike the UC Regents' Partial Joinder.

Dated: November 21, 2024                    Respectfully submitted,

                                            /s/ *Mark D. Rosenbaum*

Carter G. Phillips                          Mark D. Rosenbaum
Tacy F. Flint                               Kathryn A. Eidmann
Mark C. Priebe                              Amanda K. Pertusati
SIDLEY AUSTIN LLP                           Amanda M. Savage
One South Dearborn Street                   Amelia Piazza
Chicago, Illinois 60603                     PUBLIC COUNSEL LAW CENTER
Telephone: (312) 853-7000                   610 S. Ardmore Avenue
Facsimile: (312) 853-7036                   Los Angeles, California 90005
cphillips@sidley.com                        Telephone: (213) 385-2977
tflint@sidley.com                           Facsimile: (213) 385-9089
mpriebe@sidley.com                          mrosenbaum@publiccounsel.org
                                            apertusati@publiccounsel.org
                                            asavage@publiccounsel.org
                                            apiazza@publiccounsel.org


Eve L. Hill                                 Roman M. Silberfeld
Jamie Strawbridge                           David Martinez
BROWN GOLDSTEIN & LEVY, LLP                 Tommy H. Du
120 E. Baltimore St., Suite 2500            ROBINS KAPLAN LLP
Baltimore, Maryland 21202                   2121 Avenue of the Stars, Suite 2800
Telephone: (410) 962-1030                   Los Angeles, California 90067
Facsimile: (401) 385-0869                   Telephone: (310) 552-0130
ehill@browngold.com                         Facsimile: (310) 229-5800
jstrawbridge@browngold.com                  rsilberfeld@robinskaplan.com
                                            dmartinez@robinskaplan.com
                                            tdu@robinskaplan.com
T.E. Glenn
Amanda Powell
Charles Kohorst
INNER CITY LAW CENTER

3

1309 East Seventh Street
Los Angeles, CA 90021
Telephone: (213) 891-2880
tglenn@innercitylaw.org
apowell@innercitylaw.org
apowell@innercitylaw.org

*Counsel for Plaintiffs-Appellees, Deavin Sessom, Douglas Guthrie, Jeffrey Powers, Joseph Fields, Joshua Robert Petitt, Lavon Johnson, Laurieann Wright, and National Veterans Foundations*